AMILE BROUSSARD V. SABINE & EAST TEXAS RAILWAY COMPANY.

No. 3014.

1. **Damages for Overflowing Lands — Destruction of Grass.** — The measure of damages for the destruction of grass is its value at the time destroyed.  When the injury is of such a character by an overflow as to prevent the growth of the grass and to deprive the owner of the use of his pasture for a considerable time, he is entitled to damages for the value of the use of the land for such purpose of pasturage in the condition it would have been but for the overflow, there being no permanent injury to the land.

2. **Same — Injury to Stock.** — Starvation of cattle can not be added to the value of the use of the pasture during the alleged overflow, etc.  Such matters are too remote.  Besides, if allowed there would be double damages for same injury.

3. **Same—Direct Injury to Stock.**—If an overflow be caused by the negligence of defendant and it was the direct and approximate cause of injury to the stock of the plaintiff, he taking proper care to protect his cattle during and after the overflow, then he could recover for such injury, as also for drowning his cattle.

ERROR from Jefferson.  Tried below before Hon. W. H. Ford.

The opinion contains a statement.

*Tom J. Russell,* for plaintiff in error.—1.  The court erred in sustaining the defendant's special exceptions to that part of the plaintiff's first amended original petition in which a claim is set up for the loss of the use of the grass for pasturage upon 5477 acres of land belonging to the plaintiff during the year 1884, in damages in the sum of $2282, upon the following grounds:  Because the measure of damages claimed by the plaintiff is the true and legal measure of damages in this cause, viz., "the value of the use of land for pasturage for the length of time he was deprived of the use thereof for such purposes by the negligent

acts of the defendant, as complained of by plaintiff in his said petition." Railway v. Witte, 68 Texas, 295; Railway v. Knapp, 51 Texas, 592; Railway v. Joachimi, 58 Texas, 456; Railway v. Helsley, 62 Texas, 593; Railway v. Johnson, 65 Texas, 389; Railway v. Holliday, 65 Texas, 512; Railway v. Hadnot, 67 Texas, 503; Railway v. Pomeroy, 67 Texas, 498; Railway v. Broussard, 69 Texas, 617.

Upon the value of the grass for pasturage: Railway v. Saul, Ct. App. C. C., sec. 698; Id., sec. 807.

The usable value of the property destroyed or detained: Clapp v. Walters, 2 Texas, 130; Allen v. Fox, 51 N. Y., 562; Seely v. Alden, 61 Pa. St., 302; Railway v. Broussard, 69 Texas, 617; French v. Conn. River L. C., 14 N. E. Rep., 116.

2. The general rule for the measure of damages in cases of tort may be said to be that which aims at actual compensation for the injury inflicted upon the party suffering the loss, and whatever ascertains the measure of damages is the proper rule of law to be applied. Seely v. Alden, 61 Pa. St., 302; Allen v. Fox, 51 N. Y., 562; U. S. v. Smith, 4 Otto, 214; 1 Suth. on Dam., 17, note; Gladfelter v. Walker, 40 Md., 3; Brown v. Werner, Id., 15; Railway v. Broussard, 69 Texas, 617; Railway v. Horne, 69 Texas, 643.

3. Where the property taken or destroyed has a certain usable value, or the value of the property consists in the use made of it by the owner for a certain purpose, then the value of that use for a certain time is the measure of damages for the loss of the use thereof. Railway v. Tippitt, 2 Ct. App. C. C., sec. 807; Id., sec. 698; Allen v. Fox, 51 N. Y., 562; cases cited *supra;* Railway v. Ayres, 8 S. W. Rep., 538.

4. Grass is the natural production of the earth and grows and continues to grow without the aid of cultivation by man, and the rule for the measure of damages for the destruction thereof and the prevention of its regrowth by the same agency for a certain period of time is different from the rule for the destruction of growing crops. Railway v. Saul, cited *supra;* Railway v. Tippitt, *supra;* Gilbert v. Kennedy, 21 Mich., 117; 11 Mich., 542; 15 Mich., 265; 3 Suth. on Dam., 384, note; Id., 387; Whitbeck v. Railway, 36 Barb., 647; 24 Mich., 508.

The grass is a part of the realty, and in this case gives the land its usable value in the purpose for which it is used. Freeman on Executions, sec. 113; Stearns v. Washburne, 7 Gray, 187; Claflin v. Carpenter, 4 Md., 582.

For an extended discussion of questions above cited, see the late case of City of Terre Haute v. Hudnut, 13 N. E. Rep., 686; Railway v. Broussard, 60 Texas, 617; Railway v. Hogsett, 67 Texas, 685.

*O'Brien & O'Brien,* for defendant in error, cited: Railway v. Johnson, 65 Texas, 393; Seale v. Railway, 65 Texas, 277; Moak's Underhill on Torts, pp. 287, 288.

COLLARD, JUDGE.—This is a suit for damages against defendant in error for so negligently constructing its roadbed as to overflow plaintiff's pasture lands by damming up the water in a bayou in time of floods.

There are several items of damage in the petition, to each and all of which the court below sustained special exceptions, because remote and not the correct measure of damages. The assignments of error call upon us to examine the items and decide whether the court's rulings were correct or not. Plaintiff was using the land for pasturage. In his first count for damages he says the water flowed over five thousand seven hundred and seventy-seven acres of his land and remained there ten weeks, covering the land to a depth of a foot or more, and injured the pasturage and destroyed the same so that plaintiff derived no benefit therefrom for about five months—from the 20th of May to the 20th of October, 1884.

The measure of damages for destruction of grass is its value at the time destroyed. Railway v. Wallace, 74 Texas, 587. But when the injury is of such a character by an overflow as to prevent the growth of grass and to deprive the owner of the use of his pasture for a considerable time, as alleged in this case, the most certain and correct damages would be the value of the use for such time for purposes of pasturage in the condition it would have been in had there been no overflow, there being no permanent injury to the land. Railway v. Witte, 68 Texas, 295; Railway v. Helsley, 62 Id., 593; Railway v. Broussard, 69 Id., 617; Railway v. Wallace, *supra*. Plaintiff only claimed damages for the loss of the use of his grass and pasture. He could not recover for the increased value cattle might have reached by grazing on the pasture had it not been flooded.

Plaintiff also claims damages resulting from an overflow commencing in January, 1885, covering his land with water which remained thereon for a long time, his cattle thereon being exposed to the deep water and not being able to get the grass, from the effects of which certain of them died of starvation and exposure. We think the alleged damages from the alleged starvation of cattle and deprivation of pasturage is too remote. The value of use of the pasture being the correct measure of damages, the fact that the cattle became poor and died for want of pasturage could not be considered. If it could be it would authorize a double recovery—damages for loss of use of the pasture and for detriment to and loss of cattle for want of pasturage. If, however, exposure to deep water caused injury and loss of stock, and the overflow was the direct and proximate cause of such injury, and it was the result of the negligence of defendant, and not of the failure of plaintiff to use reasonable care to protect his cattle after or during the overflow, damages would be recoverable for such loss. So if cattle were drowned. Railway v. Johnson, 65 Texas, 389.

The next item of damage is for depreciation in the value of other cattle, caused by starvation and exposure to deep water as a result of defendant's negligence. As already seen the depreciation from starvation ought not to be recovered, but if it can be shown what the depreciation was as a result of exposure to water illegally turned by defendant upon the pasture, and plaintiff used proper care to protect his cattle, we can not see why he should not recover for the injury so done. It would be a direct injury to his property, unlike the indirect injury alleged by starvation.

The next item of damage is similar to the first as stated in the assignment of error. It claims damages for the deprivation of the use of the land resulting from the overflow beginning the 1st of January, 1885, the water remaining on the land so long as to render it worthless for purposes of a pasture from the 1st of January, 1885, to the time of bringing suit and up to the time of filing the amended petition.

As before stated, we think the measure of damages ought to be the reasonable value of the use of the land for pasturage during the time alleged, such value of the land in the condition it would have been in had it not been overflowed.

Our conclusion is that the court erred in sustaining defendant's special exceptions to the petition, and that the judgment of the court below should be remanded for trial.

*Reversed and remanded.*

Adopted March 24, 1891.