FORDYCE AND SWANSON, RECEIVERS, ET AL. V. D. O. WOLFE.

No. 3207.

1.  **Condemnation of Right of Way—Right of Vendor and Vendee.**—A railway company constructed its track across a farm.  It had instituted condemnation proceedings against the owner.  Pending the proceedings the owner sold the land, giving warranty deed, and his vendee entered into possession.  The condemnation proceedings were dismissed.  The vendor brought suit against the railway company and his vendee, asking damages for the land taken by the railway company, and for damages to the remaining land of the tract, claiming that such damages were reserved in his sale.  The railway company reconvened and asked condemnation of right of way.  The vendee claimed the value of the land taken.  *Held:*

1.  The condemnation proceedings having been dismissed, did not affect the rights of any of the parties.

2.  At the time of the sale the railway company was but a mere trespasser, and the vendor had a right of action for the trespass upon the land.

3.  His right of action for the trespass did not pass by his warranty, but he still had the right to recover for injury to the land resulting from the mere construction of the track, and compensation for the use of such land as was occupied, from its construction until the sale.

4.  The vendee was entitled to the value of the land taken, as well as such deterioration in value of the remainder resulting from the taking and the permanent right to use, but not for any damages accruing before his purchase.

2.  **Case Adhered to.**—Railway v. Ruby, 80 Texas, 172, adhered to.

APPEAL from Hunt.  Tried below before Hon. FRANK TEMPLETON, Special District Judge.

This is an appeal from a judgment in favor of Wolfe, the appellee, for $375 damages for right of way by the railway company appropriating three acres.  Wolfe had sold the land before he sued for the damages, and has made his vendee Wm. Measles a party defendant in the suit.  Measles claimed the damages for the land taken and consequent injury to the remainder.  Other facts are given in the opinion.

*Perkins, Gilbert & Perkins,* for the receivers.

*R. D. Thompson,* for appellant Measles.—1.  The court erred in holding that defendant William Measles did not buy nor expect to be protected in his warranty of title in any claim for damages to said land growing out of the existence and operation of the railway across said land, nor for any damages to said land by reason of the pending suit for the condemnation of right of way across the same, nor of the claim for such damages; because there was no evidence to support such findings.  The evidence on this point was limited to what is shown from the deed from Wolfe to defendant William Measles, and the additional facts that the deed included the right of way, and that the road had been completed before said deed was made, and that Wolfe told Measles that the condemnation proceeding was pending at the time the deed

was made.    Zapp v. Michaelis, 58 Texas, 270; Willis v. Lewis, 28 Texas, 191.

2.    The court erred in holding that the damages belong to the owner of the land at the time of the taking, and do not pass to the purchaser under a general warranty deed made subsequent to that time, unless expressly conveyed therein when the purchaser buys with a full knowledge of all the facts; because a party who conveys a tract of land by a deed containing covenants of general warranty divests himself of every interest in and claim to such land.    No rights or claims to such land can remain in the vendor by implication, and if any such right or claims are intended to be reserved they should be expressly set out in the deed.    The grantee, in the absence of any reservations so set out, succeeds to every right and claim of his grantor, and the grantor has no such rights remaining by implication as will enable him to maintain a suit for damages occasioned by the taking of right of way, which suit was brought after he had conveyed all interest in the land by warranty deed.    Sayles' Civ. Stats., art. 557; Hays v. Railway, 62 Texas, 397; 1 Dev. on Deeds, secs. 221, 222; 2 Id., secs. 910, 997, et seq.; 11 Am. Rep., 426; 2 Id., 290; 42 Am. Dec., 391; 25 Id., 552.

R. L. *Porter* and *Grubbs & Heffner*, for appellee. — The damages caused by the appropriation of right of way by a railway company and the construction and operation of its road over the same belong to the owner of the land at the time of the appropriation, and do not pass to a subsequent purchaser thereof unless expressly mentioned and conveyed by the deed.    Railway v. Merkel, 32 Texas, 723; Smith v. Railway, 74 Texas, 276; Railway v. McDougald (Ill.), 6 W. Rep., 321; Railway v. McAuley (Ill.), 8 W. Rep., 457; Campbell v. Railway, 110 Ind., 490; Railway v. Allen, 100 Ind., 409; Church v. Railway, 70 Ind., 161; 161; 2 Wood Ry. Law, 864.

GAINES, Associate Justice.—This suit was brought by appellee to recover of appellants Fordyce and Swanson, as receivers of the St. Louis, Arkansas & Texas Railway Company, damages for the construction of a railway by the railway company across a tract of land.    He sought compensation for the land appropriated for the right of way, and also for damages to the remainder of the tract.    The plaintiff was the owner of the land at the time the railway was constructed, but had sold it to appellant Measles before the bringing of this suit.    He made Measles a party defendant, alleging that when he sold and conveyed the land to the latter he reserved his claim for damages against the railway company.    The receivers prayed for a condemnation of the land for railway purposes, and asked that the damages should be assessed in the action.    The defendant Measles pleaded, alleging his purchase of the land before the bringing of the suit, and prayed for a judg-

ment in his favor for all the damages resulting both for the trespass and condemnation. The judgment of the court, however, was that the plaintiff should recover of the receivers not only the damages to the tract for the construction of the road, but also compensation for the land condemned, and that defendant Measles should take nothing by reason of his plea in reconvention. Both the receivers and Measles appeal from the judgment.

The receivers complain only that the damages allowed are excessive, but since the judgment will be reversed upon another ground, it is unnecessary if not improper to pass upon that question.

Appellant Measles insists that the court erred in not rendering judgment in his favor for the damages, not only for the land taken but also for the damages resulting to the remainder of the tract from the construction of the railway. The facts bearing upon this question are, that the railway company constructed their road across the land in question some time in the spring or summer of 1887, and in June or July of that year instituted proceedings to condemn the right of way over it. In November of the same year appellee sold and conveyed the entire tract to appellant Measles by a general warranty deed, which described it by metes and bounds, and which contained no exception or reservation whatever. In January, 1889, the condemnation proceedings were dismissed. In July, 1889, the present suit was brought. Section 17 of article 1 of our Constitution provides in effect that no person's property shall be taken for a public use without adequate compensation being made; and it follows, therefore, that the title to property which is attempted to be appropriated for such purpose does not pass until the compensation has been paid or secured. If the proceedings instituted against the appellee for the condemnation of the land had resulted in a final decree assessing the damages and the damages had been paid, the appellant Measles as a purchaser pendente lite would, as to the railway company at least, have been concluded thereby. But this proceeding having been dismissed, we are of opinion that the rights of the parties to this suit were in no manner affected by it, and that this case is to be treated as if no such action had ever been instituted. At the time, therefore, when appellee conveyed the land to Measles the railway company was a mere trespasser, and appellee's title was unimpaired by its entry upon and use of its right of way. He had, however, a right of action against it for such damages as resulted from its trespass. It is clear, we think, that by his warranty deed all his title to the land passed to Measles, and it is equally clear that his right of action to recover the damages for the mere trespass did not pass. For the latter he had a right of action, and it was not affected by his conveyance to his vendee. The measure of his damages was the injury to the land which resulted from the mere construction of the railway, and compensation for the use of so much of the land as was occupied by the

company from the time of its entry until the date of his conveyance to Measles.

In the case of Railway v. Ruby, 80 Texas, 172, this court held that in a proceeding for the condemnation of land for a railway the time of the "taking," within the meaning of the Constitution, was the time of the trial. Having then acquired an absolute title to the entire tract of land free from any easement or incumbrance by reason of the trespass of the railway company, Measles, when the appellant receivers filed their plea in reconvention for the condemnation of its right of way, became entitled to recover all the damages incident to that proceeding. These do not embrace the injury which had resulted to the land from the construction of the railway at the time it was conveyed to him, but do include the value of the land taken, as well as any such deterioration in the value of the remainder of the tract as may have resulted from the fact that the railway company had acquired the right to permanently hold the right of way and to use it for the purposes of operating a railway. However, he is not entitled to recover for any damage done to the land before he bought it, and therefore his damages should be assessed with reference to the condition of the property at the time of his purchase. He is not entitled to recover for changes in the surface of the land resulting from the construction of the road, but is entitled to recover for any depreciation in its value that may have resulted from the right acquired by the condemnation to permanently maintain the road across the tract. Appellee and appellant Measles are entitled to recover sums which, added together, will equal the amount the appellee would have been entitled to recover had he never conveyed, and no more; and care should be taken that the receivers be not subjected to a double recovery.

There was error in adjudging that the appellee should recover the entire damages, and that Measles should take nothing, and therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*