# THIRD DISTRICT, 1896.

Texas & Pacific Railway Company v. J. T. Padgett.

Delivered October 7, 1896.

**1.  Charge of Court—Overflow of Land.**
Where the evidence presented an issue as to whether the flooding of plaintiff's land was caused by defendant's embankment, a charge relieving defendant from liability if due to other causes should have been given on request, the point not being covered by the instructions given.

**2.  Same.**
The charge in such case should hold defendant liable for injury caused by its own negligence, but no more.

Appeal from County Court of Van Zandt County. Tried below before Hon. R. B. Whitton.

*John S. Spinks* and *M. H. Gossett*, for appellant.

[No brief for appellees has been received.]

COLLARD, Associate Justice.—This is an appeal by the Texas & Pacific Railway Company from a judgment of the County Court of Van Zandt County rendered January 24, 1895, in favor of appellee, J. T. Padgett, for $275 as damages to his land and crop of cotton and corn in Saline Creek bottom, resulting from the negligent construction and maintenance of an embankment across the bottom of the creek without sufficient culverts and water-ways to pass off water in time of freshets, causing it to back up and overflow the land.

*Opinion.*—Appellant assigns as error the refusal of the court to give in charge to the jury its special requested charge to the effect that though the jury might find that the road-bed through Saline bottom was negligently constructed and maintained, yet if they should find that the overflow of plaintiff's land is not caused by the negligent construction of the railroad, the verdict should be for the defendant.

There was testimony tending to show that the top of the embankment was below the level of the plaintiff's land, and that it could not back water from floods over his land. There was also testimony tending to show that this land of plaintiff's overflowed before the road was built, and that the overflow complained of may have resulted from causes other than the embankment, as from another stream, not affected by the railroad.

The issue raised by this testimony was not submitted to the jury in the court's general charge. The court instructed the jury, substantially, that if the road was properly constructed with sufficient openings for the escape of water which flows along the creek bottom from ordinary rainfalls, and provided with sufficient culverts and sluices in the embankment for the escape of water from such rainfalls, the verdict should be for the defendant.

This charge does not cover the propositions made in the charge asked. It permitted, by inference, a finding for the plaintiff if the road-bed was not provided with sufficient culverts to pass off water from ordinary rainfalls.

The road may not have had such culverts, and yet the failure to have them would not necessarily make defendant liable for the overflow complained of, as that overflow may have resulted from other causes, not attributable to the defect in the embankment. The insufficiency of the culverts may have banked up the water on some land or increased the depth of overflows from ordinary rainfalls, and yet, if plaintiff's land was not affected by this, but was overflowed because of the back-water or flow of water from another stream which the embankment did not throw upon the land, the company would not be liable; or if the embankment was not provided with sufficient water-escapes, and yet its top was below plaintiff's land, it could not have caused the overflow on plaintiff's land. The overflow in such case must have resulted from some other cause. The charge of the court was not sufficient under the testimony on these matters.

Other charges asked by defendant suggest another distinction that should have been observed in the submission of the case to the jury. There was testimony tending to show overflows of plaintiff's land before the construction of the road. This would not, however, of itself, exempt the company from liability for this particular overflow, if its embankment contributed to it. It would still be responsible for the injury caused by its own negligence, but no more. Other overflows of this land before the road was built were competent evidence, but would

not necessarily in all cases make a complete defense.    The question is, was the company liable for the very overflow complained of?

Other questions raised by assignments of error as to argument of counsel and the verdict of the jury need not be considered, as they will probably not arise on another trial.

The court should have charged the jury substantially as requested by the defendant, and it was error to refuse the charge, for which the judgment of the lower court is reversed.    It is so ordered, and the cause is remanded.

*Reversed and remanded.*