WARREN et al. v. KIMMELL.

(Court of Civil Appeals of Texas. El Paso. Nov. 16, 1911.)

1. WATERS AND WATER COURSES (§ 179*)—INSTRUCTIONS—PROXIMATE CAUSE.

Where the evidence in an action for damage to land by erecting a dam in a creek, causing an overflow, raised the issue of proximate cause, a requested charge should have been given that if plaintiff has suffered damages, but that if the jury believed he would have suffered such damage, if any, even if defendant's dam had not been constructed, they should find for defendant.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 179.*]

2. TRIAL (§ 203*)—INSTRUCTIONS—DEFENSES—AFFIRMATIVE PRESENTATION.

Defendant has a right to have his theory of the case affirmatively presented by the instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

3. TRIAL (§ 261*)—INSTRUCTIONS—REQUESTS—SUFFICIENCY.

A requested charge, in an action for damages to land by overflow from a dam erected by defendant, that if the jury believed that plaintiff had suffered damage, but that he would have suffered such damage as he did, if any, even if defendant's dam had not been constructed, they should find for defendant, even if incorrect in law, was sufficient to suggest to the court the necessity of a charge on proximate cause; the evidence making such charge necessary.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660, 671–675; Dec. Dig. § 261.*]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by W. S. Kimmell against John Warren, Jr., and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Hutcheson, Campbell & Hutcheson, for plaintiffs in error. Meek & Highsmith, for defendant in error.

PETICOLAS, C. J. This was a suit in the district court of Harris county by the plaintiff, W. S. Kimmell, against John Warren

and Patillo Higgins, defendants. It was alleged: That the plaintiff was a tenant of certain land situated on a creek known as "Big Cypress." That the defendants Warren and Higgins owned a tract of land lying on said creek about one mile below the land leased by the plaintiff. That the creek was a natural drain for that country, and especially for plaintiff's land. The plaintiff had certain crops on said land, and that the defendants, in October, 1907, constructed a dam on their land across said creek. That said dam held the water, backed it on the plaintiff's land, destroyed his crops, and caused him damage. The plaintiff had judgment, and the defendants appealed.

It will be noted that the suit was against two parties, John Warren and Patillo Higgins. The case came on for trial the 23d day of November, 1909, and the judgment recites that "during the progress of the trial, it having been shown that the defendant *Patillo Higgins had no interest in the land* upon which the dam was erected and that he took no part in erecting said dam, it was announced by the plaintiff's attorney that he would not seek a judgment against Patillo Higgins; but, there being no order entered of record dismissing Patillo Higgins," the jury rendered their verdict on the 24th day of November, 1909, and the judgment further recites that "the 18th day of December, 1909, the plaintiff by his motion dismissed the defendant Patillo Higgins from this cause." Judgment was entered against John Warren but not against Patillo Higgins. It appears also from the record that *a motion to dismiss Patillo Higgins from the cause was filed* December 14, 1909, without any reference therein to the fact, if it be a fact, as recited in the judgment, that the plaintiff had before verdict taken a nonsuit as to Higgins. On December 18, 1909, plaintiff's said motion to dismiss was granted.

The appellant thereafter moved to correct said decree and enter a proper judgment and in this court assigns error which, in substance, is to the effect: (a) That the dismissal was after verdict and the dismissal as to Higgins dismissed also, in law, as to Warren; (b) that the dismissal was after verdict, and was therefore ineffective as to either party, leaving in effect a judgment against Higgins, which is unsupported by any evidence.

If we undertook to decide these questions, we would first have to determine whether the dismissal as to Higgins was before or after verdict. Then we would have to determine whether dismissing the case after verdict, if that can be done (see R. S., art. 1301), vacated the judgment as to both. If the dismissal was after verdict and was ineffective, it is apparent that there was a verdict against Higgins unsupported by any evidence. It has been held that granting a motion for new trial as to one party grants as to all parties. See Hume v. Shintz, 16 Tex. Civ. App. 512, 40 S. W. 1070; Schintz v. Morris, 13 Tex. Civ. App. 580, 35 S. W. 517.

Under any of these phases of the case, it would have to be reversed. The only holding which would support the verdict as against said assignment would be to hold that the nonsuit was taken before verdict and that the judgment was properly entered on the verdict. As the case will be reversed, however, on other grounds, and these matters will not occur again, it is not incumbent upon us to decide them.

Appellant introduced a great deal of testimony tending to show that the dam was not the cause of the submergence of plaintiff's land. The testimony was based on a difference in the elevation of the two, the top of the dam being lower than the plaintiff's land, on continued rainy weather at that time, and on the situation and location of a creek called "Mound creek," which ran at the back, or west, of plaintiff's property, and testimony showing that in heavy rains Mound creek overflowed this particular land. Without further quoting said testimony, it is sufficient to say that it was amply sufficient to raise the issue that plaintiff's crops would have been damaged even if the defendants' dam had not been constructed and maintained.

Appellant's first assignment of error is to the refusal of this charge: "You are instructed, at the request of the defendants herein, that if you believe from the evidence that plaintiff has suffered damages, but if you further believe from the evidence that plaintiff would have suffered such damages as he did suffer, if any you find, even if John Warren's dam had not been constructed and maintained, you will find for the defendant."

Appellant's twenty-second assignment of error is to the effect that the trial court erred in not charging the jury fully on the issue of proximate cause, and that the court should have charged on these issues, even if the requested charges were incorrect.

[1] We think these assignments are both well taken, should be sustained, and the court's failure to charge on proximate cause should reverse the case. The trial court gave no charge on proximate cause at all. The evidence gave rise to this issue, and a charge on that subject should have been given.

[2] The defendants had the right, also, to have presented their theory of the case affirmatively. See Railroad v. McGlamony, 89 Tex. 635, 35 S. W. 1058.

[3] We are of opinion that the charge above quoted requested by the defendants was correct and should have been given and, even if we are in error in this holding that said charge was correct, the charge was certainly sufficient to suggest to the court the

necessity for a charge on proximate cause. S. W. Portland Cement Co. v. McBrayer, 140 S. W. 388, decided by this court at this term. For the errors indicated, the case will be reversed.

We do not believe it necessary to discuss any of the other assignments of error. The third, fourth, and fifth raise largely the same question in different forms. The others will probably not arise again. There are 27 assignments of error, and to discuss them all would extend this opinion beyond a reasonable length.

For the errors indicated, the cause is reversed and remanded.