STUBBLEFIELD et ux. v. HOUSTON, E.
& W. T. RY. CO. (No. 310.)

(Court of Civil Appeals of Texas. Beaumont.
May 21, 1918.)

1. EMINENT DOMAIN ⬦⟼293(1) — CONSTRUCT-
ING SWITCHES—RIGHT TO DAMAGES—PLEAD-
ING.

Petition, alleging plaintiff was owner of
property fronting on street, on opposite side of
which was a 150-foot railway right of way, in
the center of which was the track, and that
railroad caused depreciation of his property
when it built switch track on edge of right of
way and stored freight in the street, held to
state a cause of action.

2. EMINENT DOMAIN ⬦⟼120 — CONSTRUCTING
SWITCHES—RIGHT TO DAMAGES.

Under Const. art. 1, § 17, requiring compen-
sation for taking or injuring property, the own-
er of property, which depreciated owing to con-
struction of switch track near by, and storage
and hauling of freight, could recover his dam-
ages regardless of negligence in construction or
operation of the track.

3. EMINENT DOMAIN ⬦⟼284—CONSTRUCTING
SWITCHES—RIGHT TO DAMAGES.

If property owner acquired land from com-
mon vendor after railroad had lawfully acquired
right of way, he could not have damages for
construction of a switch track causing depreci-
ation in value of his property.

4. EMINENT DOMAIN ⬦⟼102 — OPERATION OF
RAILROAD—RIGHT TO DAMAGES.

Property owners adjacent to side track can-
not recover from personal inconvenience by op-
eration of trains, in the absence of negligence
therein.

Appeal from District Court, Liberty Coun-
ty; J. Llewellyn, Judge.

Action by W. H. Stubblefield and wife
against the Houston, East & West Texas
Railway Company. Judgment sustaining gen-
eral demurrer and special exception to the
petition, and plaintiffs appeal. Reversed and
remanded for new trial.

H. E. Marshall, of Liberty, and P. C. Mat-
thews, of Cleveland, for appellants. Stevens
& Stevens, McMeans, Garrison & Pollard, and
Baker, Botts, Parker & Garwood, all of Hous-
ton, for appellee.

HIGHTOWER, C. J. The appellants, W.
H. Stubblefield and his wife, brought this
suit against the appellee, Houston, East &
West Texas Railway Company, for damages
alleged to have been caused on account of de-
preciation in the market value of three cer-
tain lots owned by them in the town of Cleve-
land, Tex., and occupied and used by them as a
homestead, and also for damages on account
of annoyance and personal inconvenience
in consequence of noise, vibration, smoke,
etc., which injuries were alleged to have
been the result of the construction of a switch
or side track in front of appellants' prop-
erty on the right of way of appellee. The ap-
peal is from a judgment of the district court
of Liberty county, sustaining a general de-
murrer and a special exception to appellants'
petition, and we therefore think best to here
set out appellants' petition in full, as follows:

"Now comes the plaintiffs, Mrs. W. H. Stub-
blefield, joined by her husband, W. H. Stubble-
field, and leave of the court being first had
and obtained, file this, their first amended orig-
inal petition in lieu of their original petition
filed herein on the 20th day of June, 1916,
and for cause of action represent:

"(1) That plaintiff Mrs. W. H. Stubblefield is
married, and her husband is the plaintiff W. H.
Stubblefield who joins her in this suit, and
plaintiffs are residents of Liberty county, Tex.,
and the defendant is a corporation duly incor-
porated under the laws of the state of Tex-
as, and has an agent at Cleveland, Liberty
county, Tex., on whom service of citation may
be had.

"(2) That heretofore, to wit, on or about the
1st day of March, 1916, and ever since and now,
the plaintiff Mrs. W. H. Stubblefield was, and
has been and is, the owner of the following
described lots or parcels of land, to wit, lots
Nos. 18, 19, and 20, in block No. 10 in the
town of Cleveland, Liberty county, Tex., and
that the residence of plaintiffs during all of
said time and for many years prior thereto
has been on lot No. 20, above described, on
which plaintiffs have a dwelling house, gar-
den, barn, and such other houses as are usual
and ordinary around a city residence, and also
lots Nos. 18 and 19 are a part of plaintiffs'
residence and used in connection therewith.

"(3) Plaintiffs further say that they have a
family, and have actually resided upon said
lot 20 in said house for a great many years,
and are now residing upon same and making
it their home; that the front of the house on
said lot No. 20 is situated about 15 feet west
of the east boundary line of said lot.

"(4) Now, plaintiffs show the court that the
defendant company has a railroad and right
of way through the town of Cleveland, and has
had for a number of years; that defendant's
right of way lies east of plaintiffs' property,
to wit, lots Nos. 18, 19, and 20, in block No. 10,
above described. That just east of and adjoin-
ing said three lots there is a street 25 feet in
width; that the defendant has a right of way
adjoining said street on the east, and said
right of way is 150 feet in width, and defend-
ant's main line on said railroad is in the center
of said right of way, and extends nearly north
and south through the town of Cleveland, and
said railroad always was in the center of said
right of way, and said main track was the only
track that defendant had and maintained in
front of plaintiffs' house until about March 1,
1916.

"(5) That heretofore, to wit, on or about
the 1st day of March, 1916, the defendant
prolonged and constructed a switch in con-
junction with its railroad in Cleveland, and
constructed and prolonged said switch along
the west side of its main line and in front of,
or east of, said lots Nos. 18, 19, and 20, in
block No. 10, and constructed said switch 30
feet east of the east line of said lots Nos. 18,
19, and 20, and along the entire east front of
said lots. That said switch since that time
has been used for the purpose of standing cars,
switching cars by moving cars and engines
along the same each and every day, and is used
for the purpose of loading cars, all in front of
and near plaintiff's house and lots as afore-
said. Plaintiffs further say that since said
time defendant has used the street or a part
thereof as a yard or place for storing, stack-
ing, and piling logs, ties, and other property to
be loaded on cars of defendant. That part of
defendant's right of way adjoining said street
and in front of plaintiffs' premises has been
subjected to the storing, stacking, and piling
of logs, ties, wood, and other property on cars
on said switch. That wagons and teams un-
loading wood, ties, logs, and other property on

said part of right of way and street to be loaded on cars on said switch are continually in front of plaintiffs' residence, both day and night, obstructing said street in front of plaintiffs' house, and by loud talking and other noises making plaintiffs' residence unfit and undesirable for a residence.

"(6) That by reason of the construction of said switch, the moving of cars thereon, the operation of trains thereon, and the standing of cars thereon, and the storing, stacking, and piling of property on said street and right of way, and the loading of cars thereon, as aforesaid, the residence of plaintiffs has been made unpleasant and disagreeable from the noise, smoke, noxious vapors of the engines and cars operated on said switch, and also from the vibration caused by the operation of said powerful machinery, consisting of engines and cars, and from all other causes above named, which did not exist prior to the construction of said switch, as aforesaid, and that the market value of said residence of plaintiffs has been materially diminished, and the enjoyment of the property by plaintiffs as a home has been materially lessened, and will be undesirable as a residence, and plaintiffs say said property is so located that it can be utilized for residence purposes only.

"Plaintiffs further say that on account of the noise, smoke, noxious vapors, and vibrations of said cars, and on account of using said switch as a storage place for cars, and on account of cars being loaded on said switch and street in front of said property, as aforesaid, and on account of the depreciated market value of said lots, the plaintiffs have been damaged in the sum of $3,000.

"(7) Plaintiffs say that prior to the time the said switch was prolonged and constructed in front of and near their house and residence and property as hereinbefore described, the said right of way of defendant was not subjected, in any manner, to the uses and purposes as above described herein, and said street was not used for the purposes herein described, and when plaintiffs purchased said house and property the only use the defendant made of its said right of way was by running cars over the main line thereon, which was situated in the middle of defendant's right of way. That cars did not stop or stand, nor were they loaded, in front of plaintiffs' house and premises; nor were the logs, ties, or other property unloaded, stored, stacked, and piled in said street near and in front of plaintiffs' premises, nor on defendant's right of way, near or in front of plaintiff's premises prior to that time.

"(8) That defendant has constructed and built said switch where it is so built for the purposes and uses it has used it for, and the defendant will continue in the future to so put said switch to such uses as it has up to this time since it was constructed.

"Wherefore, plaintiffs pray that defendant be cited in terms of law to answer this petition, and that on a final trial hereof the plaintiffs have judgment for their damages, costs of suit, and such other relief, both general and special, in law and equity, as they may be entitled to, and this they will ever pray."

The appellee answered with a general demurrer, a special exception unnecessary here to mention, and by general denial. The court having sustained the general demurrer and special exceptions, and appellants refusing to amend, their petition was ordered dismissed. We shall only discuss the action of the court in sustaining the general demurrer, since, as we consider the special exception, it, too, is nothing more than a general demurrer.

It will be observed that appellants' petition claims not only damages for personal inconvenience on account of noise, smoke, cinders, etc., but also claims that their property was damaged in consequence of the construction and operation of appellee's side-track opposite and near the property of appellants.

We find in appellee's brief two counter propositions to appellants' assignments and propositions complaining of the action of the trial court in sustaining the general demurrer, which counter propositions are as follows:

"(1) The general rule is that where a railroad company has entered into actual possession of land, the right to damages vests in the party owning the land at the time the possession is taken; the right to damages is a personal right, vested in the vendor. As the right to damages is a personal one, it is supported by the general doctrine that personal rights do not pass by conveyance of the land, and hence the right of action remains in the vendor.

"(2) When appellants purchased the land in question they did so with notice, actual and constructive, of the occupancy by the railroad company of its right of way, consisting of a strip of land 150 feet in width, and are not entitled to recover any damages by reason of the use of said right of way in a legal way. The construction and maintaining of additional side tracks on its right of way, although no damage was ever paid to the owner of the land, at the time the road was constructed, would not give appellants any cause of action against appellee."

We also find in appellee's brief the following statement:

"The statement of the nature and result of this suit as made by appellants is substantially correct, but in order that the court may properly understand the issues, we make the additional statement, which was made to the court and agreed to as being correct at the time of the argument on the general demurrer and special exceptions, that the appellee, Houston, East & West Texas Railway Company, holds, for right of way purposes, a strip of land 150 feet in width through the town of Cleveland, as appears from the Deed Records of Liberty County, Texas, vol. 7, pp. 210–212, said deed being executed by C. L. Cleveland to Houston, East & West Texas Railway Company, of date June 20, 1877; that the main line and side tracks of appellee, Houston, East & West Texas Railway Company, was laid off and was being operated and used prior to the purchase of the property owned by the plaintiffs; that the map hereto attached is a correct map, showing the location of the main line and side track prior to the purchase of said property by the appellants herein, and that said map also shows correctly the location of the main line and side track as changed by the defendant in March, 1916; that said change in said side tracks were made at the time of the relocation of defendant's depot in the town of Cleveland; that the yellow line as shown on said map shows the original location of the side track, as originally constructed, connected with the main line opposite the property of appellants, located on lot 20, in block 10; that in 1916, this side track was abandoned, and the side track as shown on the map was located; that the new side track was constructed in March, 1916, and intersects the main track opposite lot 16 in block 10; that the grantor under whom the railway company claims title to said right of way is the same grantor under whom plaintiffs claim title. While there is no record showing the facts above stated, we feel sure that counsel

for appellants will agree that the additional facts herein stated are true, and correct, and that same were admitted and considered by the court in passing upon the general demurrer and special exceptions."

We may say at the outset that appellants' attorneys, instead of agreeing to the facts as outlined in the above-quoted statement, expressly refused to do so, and, indeed, have filed a motion to strike out appellee's brief on the ground that the same contains a statement of facts regarding matters that were shown on the hearing below, whereas, in fact, no such facts were shown, or agreed to. From an examination of the record before us, we conclude that there is nothing in the record showing, or tending to show, that the facts set forth in the above-quoted statement found in appellee's brief were shown or agreed to on the hearing below. Nevertheless, we have declined to strike out appellee's brief.

[1] It will be observed that the two counter propositions of appellee, as above quoted, assume the truth of the facts mentioned in the above-quoted statement by appellee, and assume, in effect, that appellants' petition shows such facts. From a careful reading of the petition, it will be observed that it is not disclosed thereby that appellants and appellee deraigned their title from a common source, or hold under the same vendor, and, further, that the petition does not disclose that appellants purchased their property after appellee had obtained its right of way and constructed its railroad, and this court, not being at liberty to consider, in passing on the action of the court in sustaining the general demurrer, anything other than appellants' petition, we must proceed to dispose of the case by a consideration of the allegations in their petition alone; and, after a full consideration of the petition, we have reached the conclusion that the same states a cause of action, and right of recovery in appellants, in so far, at least, as appellants seek to recover damages because of the depreciation in the market value of their property.

[2] The Constitution of this state (article 1, § 17) provides:

"No person's property shall be taken, damaged, or destroyed for, or applied to, a public use without adequate compensation being made, unless by the consent of such person."

Accepting as true the allegations in appellants' petition to the effect that their property has been damaged in consequence of the construction by appellee of its side track in close proximity to such property appellants would be entitled to recover against appellee to the extent of such damages without regard to whether appellee was guilty of negligence in the construction or operation of said side track or not providing the other elements necessary to a recovery by them exist. There can be no doubt upon this point. Railway Co. v. Hall, 78 Tex. 169,

14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42; Railway Co. v. Shaw, 99 Tex. 559, 92 S. W. 30, 6 L. R. A. (N. S.) 245, 122 Am. St. Rep. 663. Therefore the trial court was in error in sustaining the general demurrer, notwithstanding there were no allegations in appellants' petition showing any negligence in the construction of operation of said spur track, or that its location at that point was unreasonable, or that there was no necessity for its location and operation at such point, or anything else of that kind.

[3] On the other hand, if appellee lawfully acquired its right of way though the town of Cleveland, either by purchase or condemnation, it thereafter had the right to construct its railroad and such side tracks as it deemed proper and necessary in the vicinity of its depot in the town of Cleveland, and if thereafter appellants acquired their property from or through appellee's vendor, then appellants would have no cause of action against appellee for damages to their property on account of its depreciation in market value in consequence of the erection of said side track, unless it should be shown that such cause of action was assigned or transferred from the common vendor, and was in appellants at the time of the construction of such switch or side track. There is no necessity for discussion of this point at length, and a citation of the following authorities will suffice to show the correctness of our holding on this point: Elliott on Railroads, vol. 2, §§ 937, 994, 1000; Fordyce v. Wolfe, 82 Tex. 239, 18 S. W. 145; Railway Co. v. Adams, 58 Tex. 476. Roberts v. Railway Co., 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873; McFadden v. Johnson, 72 Pa. 335, 13 Am. Rep. 681; Wood on Railroads, vol. 2, p. 994.

Now, if it were true, as assumed by appellee, that appellants' petition in this case disclosed that they purchased their property from appellee's vendor long after appellee had purchased and entered into possession of its right of way by constructing its railroad, or had disclosed that appellee and appellants held under a common source, and that appellants' purchase of their property was subsequent to appellee's purchase and construction of its main line, then we would have a different question before us; and, in the absence of an allegation in the petition showing that the cause of action which was in the common source for damages to the property had been transferred or assigned to appellants, we would hold that the petition stated no cause of action in appellants. We merely make these suggestions in view of another trial of the case.

[4] If upon another trial the facts should show, in accordance with the views we have expressed, that the appellants are not entitled to recover for damages to their property, then, of course, it follows that they could not recover because of personal in-

convenience, discomfort, etc., on account of the operation of the trains on the said side track, in the absence of pleading and proof of negligence on the part of appellee in the use and operation of said side track. It is a well-settled rule in this state that a railroad company, which has legally acquired its right of way, has a legal right to operate its road, its main line, and all necessary side tracks and switches, in the prosecution of its public business and so long as such operation is properly done, that is to say, so long as its road and necessary side tracks are operated with proper care and without negligence, a person, although he may suffer injury in the way of personal inconvenience by reason of noise, vibration, smoke, etc., cannot hold the railway company liable in damages. This rule is so well settled that it needs no citation of authority at our hands.

Being of the opinion that the trial court was in error in sustaining the general demurrer, the judgment is reversed, and the cause remanded for a new trial, consistent with the views above expressed.