## DORSEY LIFE ASS'N v. SITTON.

### No. 2605.

Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1934.

Rehearing Denied Nov. 28, 1934.

Adams & McAlister and F. I. Tucker, all of Nacogdoches, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

WALKER, Justice.

Appellant, Dorsey Life Association, is a mutual assessment insurance company; the members are placed in groups, and on the death of a member an assessment is run against each member of his group, and his beneficiary is paid with the proceeds of that assessment. On the 5th day of April, 1932, appellant issued to M. R. Sitton its policy of life insurance No. 13116, containing the following stipulations:

"Hereby insured the life of M. R. Sitton, Trawick, Texas, payable to Mrs. Carrie Sitton (wife) in the sum of One Thousand Dollars ($1000.00) or so much thereof as may be realized from an assessment of $1.00 each on the members of the class of the Insured.

"* * * The foregoing obligations of the Association are conditioned upon the Insured's paying within 15 days all Death, Reserve, Surplus, or Expense Assessments of $1.10 levied by the Association. This policy is subject to the By-Laws of the Association now in force or hereafter adopted."

The insured died on the 3d day of April, 1933. It was agreed that all death assessments, expense assessments, etc., properly chargeable against the M. R. Sitton policy, were regularly paid before his death. Appellee, Mrs. Carrie Sitton, the wife of the insured, and the beneficiary named in the policy, duly made proof of the death of M. R. Sitton. On receipt of the proof, appellant refused payment and refused to run against the members of the group to which M. R. Sitton belonged the assessment of $1.10 per member, as stipulated in the policy. Thereupon, on the 28th day of July, 1933, appellee filed suit against

appellant in the district court of Nacogdoches county, praying for recovery on the policy in the sum of $1,000, interest, costs, and general relief, etc. Appellant answered by general and special demurrer, general denial, and by special plea, to the effect that the policy was issued on an application made by M. R. Sitton wherein he stated that the nature of all illness suffered by him within the last five years was "light rheumatism," and that he had never had an application for insurance rejected; appellant answered that these answers were falsely and fraudulently made by the insured to induce it to issue the policy; that the insured had had applications for insurance rejected prior to the making of this particular application, and that he was suffering at the time of the application with an incurable disease. Appellee pleaded waiver and estoppel against the special answer of appellant. The effect of this plea was that the insured, at the time the application was made, gave the true facts to appellant's agent; that the agent wrote in the answers and accepted the application knowing the true condition of the health of M. R. Sitton, and that he had been refused insurance prior to the making of this application. The trial was to a jury. The evidence, without dispute, was that, at the time the application was made, the deceased was suffering with an incurable disease; that he knew that fact; and that he had made application for insurance prior to the making of this application. The testimony of appellee was that the insured advised appellant's agent of the true condition of his health, and that he had made application for insurance prior to this application, and that appellant's agent, knowing the true facts, wrote the false answers into the application. Appellant's testimony, given by its agent, was that he did not know the true facts; that when the application was taken he wrote in the answers given him by Mr. Sitton and took the application believing that Mr. Sitton's statements to him were true. It was shown without controversy that F. W. Tucker was appellant's agent who took the application, and that John D. Todd was appellant's secretary, with authority to accept the applications from appellant's agents, to examine them, and to accept or reject the applicants for insurance. Answering special issues, the jury found that (a) at the time the application was signed by M. R. Sitton, Frank W. Tucker knew "he was in bad health"; (b) that John D. Todd, before the issuance of the policy in question, "had notice that M. R. Sitton was in bad health"; (c) that at the time M. R. Sitton signed the application he did

not know "what the answers were, if any, that had been written to the questions in said application"; (d) that immediately prior to the time when, under the terms of the Sitton policy, appellant was required to run an assessment for its payment, there were 908 members in the group to which M. R. Sitton belonged. On the findings of the jury, judgment was rendered in favor of appellee against appellant for the sum of $908, with interest at the rate of 6 per cent. per annum from date of judgment until paid, and appellant was ordered to run an assessment against the members of the group to which M. R. Sitton belonged, and "that all money received by said association as a result of the running of the said assessment be paid to plaintiff herein upon this judgment, and that if said money so received from said assessment is insufficient to satisfy this judgment and costs of suit, that the balance, if any, be made from any other property of said association, as under execution."

## Opinion.

■ The trial court committed reversible error in permitting the witness James D. Dorsey to testify, over appellant's objections, that he was acquainted with the reputation of M. R. Sitton for truth and veracity in the community where he lived, and that it was good. The Commission of Appeals in Grant v. Pendley, 39 S.W.(2d) 596, 78 A. L. R. 638, with affirmative approval of the Supreme Court, held that the reception of this character of testimony constituted reversible error. The facts of that case are so absolutely on all fours with the facts of this case that it would serve no useful purpose to quote therefrom in support of our conclusion. We overrule appellee's contention that, if error, the reception of this testimony was harmless. That very point was made in Grant v. Pendley and denied by the Commission of Appeals. On another trial appellee should amend her pleadings and plead the facts upon which she relies to establish the issues of waiver and estoppel. As presented on this appeal, her plea was more in the nature of a legal conclusion than one of fact.

■■ Appellant makes the point that the issues submitted to the jury had no support either in the pleadings or the facts. As to issue "a," this contention is overruled. As to issue "b," appellee in no way pleaded that John D. Todd had notice before the policy was issued that M. R. Sitton was in bad health; however, that issue was raised by the evidence. On another trial, if appellee de-

sires to rely upon that issue, her pleadings should be amended. As to issue "c," there was no pleading by appellee that M. R. Sitton did not know what answers had been written into the application when he signed it; there was proof to the effect that he did not know the answers. As just said in relation to issue "b," if, upon another trial, appellee desires to rely upon issue "c," her pleadings should be amended.

On another trial, the court should not permit the witness E. Y. Bass to testify that a Mr. Nearing had told him that all the groups in the defendant insurance company were full. As presented, this testimony was hearsay, irrelevant, and immaterial.

Under the conditions of the policy, appellee's recovery must be limited to the proceeds of the assessment; the judgment directing that the balance of the judgment "be made from any other property of said association under execution" has no support. For the reasons stated the judgment of the lower court is reversed, and the cause remanded for a new trial.