## PLAINVIEW COTTON OIL CO., Inc., v. THOMAS.
### No. 4398.

Court of Civil Appeals of Texas. Amarillo. April 8, 1935.

See, also, 48 S.W.(2d) 745.

P. B. Randolph, of Plainview, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

JACKSON, Justice.

The appellant sued to recover an alleged balance of $789.36 for feed, and $53.01 for rent, claimed to be due it by the defendant, J. M. Thomas, individually, or by him and the defendant, J. E. McAllister, jointly and severally.

Appellant alleges that it entered into a written contract with the defendant Thomas, by the terms of which it agreed to sell and he agreed to buy for his cattle 90 to 100 tons of cotton seed meal and 550 to 650 tons of cotton seed hulls; pleads the effect of and compliance with the contract, and attaches to and makes a part of its petition a copy thereof.

It alleges that a part of the feed covered by the contract was, at the request and direction of J. M. Thomas, delivered to and charged to Thomas & McAllister. An itemized account of the feed so charged is attached to and made a part of the petition. Appellant also pleads that the connection of Thomas and McAllister with each other, relating to the ownership of the cattle and the feeding of the meal and hulls thereto involved in this suit, are facts peculiarly within the knowledge of defendants, but avers that it is informed and believes, and so alleges, that they owned the cattle jointly and were partners in the transaction; that J. M. Thomas bought the feed for the cattle, and asked judgment against him individually for the unpaid balance claimed, or, if a partnership is shown to have existed, that it have judgment against each of the defendants for said balance, jointly and severally.

J. E. McAllister defaulted, and judgment was rendered against him for the sum of $842.37, of which no complaint is made.

So far as material to a consideration of this appeal, the answer of J. M. Thomas consisted of a verified denial of partnership, and denial, specially and generally, of all liability for the unpaid balance.

The court submitted to the jury this one issue: "Do you find from a preponderance of the evidence in this case that the defendant, J. M. Thomas, told the witness, John Hardaway, to let J. E. McAllister have hulls and meal to feed cattle owned by said McAllister under the terms of the contract between the plaintiff and J. M. Thomas, and that he, the said J. M. Thomas, would pay for such feed stuff so furnished?"

The jury answered this issue in the negative, and judgment was rendered that appellant take nothing against defendant Thomas.

The appellant, by exceptions and objections to said issue and requested special issues, which were refused, and assignments based thereon, presents as error the action of the court in refusing to submit to the jury for determination whether J. M. Thomas purchased the feed and agreed to pay therefor; whether the defendants were to share in the profits from the sale of the cattle; or whether the

defendants jointly owned and were partners in the transaction, because all of such issues were raised by the pleadings and the testimony.

The feed was furnished and charged on the account of Thomas & McAllister. The testimony tends to show that defendant Thomas purchased the feed from appellant. Mr. Hardaway, who at the time of the sale and delivery of the meal and hulls in controversy was the manager of appellant, testified, in substance, he was informed by defendant Thomas that he and McAllister were together in the cattle, were partners in the profits, and if there was a loss, he, Thomas, was to share in the loss. The defendant, McAllister, testified in effect that the agreement between him and Mr. Thomas was that after the cost of the cattle and all expenses had been paid, they would divide the profit or loss on the cattle equally.

Appellant by its pleading and testimony presented in its cause of action two issues, which were that appellee, Thomas, purchased the feed either for himself or for Thomas & McAllister, who were partners, and appellee was therefore liable either individually or as a partner, and these issues should have been submitted to the jury.

Article 2189, R. C. S., and article 2190 (as amended by Acts 1931, c. 78, § 1 [Vernon's Ann. Civ. St. art. 2190]) provide, in substance, that in all jury cases submitted on special issues the court shall submit all the issues made by the pleadings and the testimony. Associate Justice Sharp, in International-Great Northern Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, 671, said: "The decisions of this state hold that, when a jury is demanded to try the facts, litigants are entitled to have every essential and independent issue submitted to the jury for a finding thereon."

The appellant challenges as erroneous the charge of the court because the issue therein submitted was not raised either by the pleadings or the testimony. It is unnecessary to determine whether or not there was testimony on this issue, since the pleadings do not warrant the submission thereof.

The appellant assails as erroneous the issue submitted by the court because it assumes the existence of certain controverted facts and is upon the weight of the testimony. We doubt if the objections to the charge are sufficiently specific to require a consideration of this assignment, but in view of a reversal of the case we deem it sufficient to say that from a reading of the facts the court did as-

sume that J. E. McAllister purchased the feed, and that he was the owner of the cattle, both of which were controverted issues. A charge upon the weight of the evidence or the assumption in an issue of a controverted fact is error, and, when properly presented, requires a reversal. Gordon v. McIntosh (Tex. Civ. App.) 54 S.W.(2d) 177.

In view of the reversal of this case, we refrain from discussing the sufficiency of the testimony.

The judgment is reversed, and the cause remanded.