## CITY OF CORPUS CHRISTI v. McMURREY et ux.

### No. 10060.

Court of Civil Appeals of Texas. San Antonio.

Sept. 24, 1937.

Jones & Kirkham and J. J. Pichinson, all of Corpus Christi, C. Burt Potter, of Sinton, and L. Hamilton Lowe, of Corpus Christi, for appellant.

H. S. Bonham, of Corpus Christi, and W. B. Moss, of Sinton, for appellees.

SLATTON, Justice.

J. M. McMurrey et ux., appellees, filed this suit against the City of Corpus Christi, appellant, for the recovery of damages to land, and for the destruction of crops on such land. Dallas Joint Stock Land Bank intervened.

The cause was tried to a jury upon special issues, and on such answers the trial court entered judgment in favor of appellees against appellant for damages to appellees' crops and the land, and provided in the judgment that the suit would not bar a future recovery for any subsequent injury to the land involved in the suit.

The question of venue was determined by the honorable Court of Civil Appeals at Eastland, and is reported in 90 S.W.(2d) 868.

The theory of recovery of appellees, as shown by the trial pleadings, was that the City of Corpus Christi had constructed a dam on the Nueces river for the purpose of impounding water to be used by said city for municipal purposes, and that in doing so a change was made in the channel of the Nueces river in such a manner to overflow the land belonging to the appellees, and as a result crops belonging to appellees on said land were destroyed and an injury to the land occurred.

The appellant answered by general denial and specifically pleaded that the dam as constructed, including the change in the river channel, in fact prevented the land from being injured by flood waters and lessened the damages that resulted from rises of the river, and that the flood of 1935 was an act of God, and that before the construction of the dam the land of appellees had been subject to overflows, and but for the construction of said dam said land would have been injured to a greater extent than it was at the times in question in suit.

The appellant, by several propositions, claims that the trial court committed error in the submission of the cause to the jury in failing and refusing to submit to the jury the question of proximate cause, and further claims that the trial court committed reversible error in failing and refusing to submit to the jury its affirmative defenses.

From the view we take of the case, it will be unnecessary to discuss each and all of the propositions raised by the appellant separately. The evidence tends to show, on the part of the appellees, that the construction of the dam by the City of Corpus Christi and the change in the channel of the Nueces river caused the destruction of the crops upon the land owned by appellees and an injury to such land. On the other hand, the evidence tends to show, on the part of the appellant, that the land involved in the suit prior to the construction of the dam was subject to overflows and that the rise in 1935 was an unusually

big rise, and that the injuries complained of would have been even greater but for the construction of the dam and the change of the channel of the river. In this state of the record we think it was reversible error for the trial court to refuse, over appellant's timely objection, to submit to the jury the issue of proximate cause.

In the case of Gerhart v. Harris County, 244 S.W. 1103, 1107, the honorable Court of Civil Appeals of Beaumont say:

"The negligence of Harris county and its agents was not an issue. If, in fact, it damaged appellants' property 'for public use,' it rested under the absolute duty of making compensation, and could not defend on the ground that ordinary care had been exercised in improving the road. Nussbaum v. Bell County, supra [97 Tex. 86, 76 S.W. 430]; Stubblefield v. Houston Railway Co. (Tex.Civ.App.) 203 S.W. 936, and authorities therein cited.

"If the rainfall during the years 1918 and 1919 was so excessive that the drainage, as it existed before it was impaired by appellees, was not sufficient to take care of the water, the issue of proximate cause would be raised if properly pleaded, and, if raised by the evidence on another trial, that issue should go to the jury."

That holding of the Court of Civil Appeals was approved by our Supreme Court, in the same case, reported at 115 Tex. 449, 283 S.W. 139.

The appellees rely upon the case of Wilson v. Hagins (Tex.Com.App.) 50 S.W. (2d) 797, and apparently the trial court modeled the issues submitted to the jury in this case after the Wilson Case, supra. It may be stated that, upon a cursory examination of the Wilson Case, it seemingly supports the contention made by the appellees here, but upon a careful study of the case it will be found that the controverted facts in the Wilson Case are essentially different than in the case at bar. In that case Wilson admitted and alleged facts showing that the purpose, and, so far as the record discloses, the sole purpose, for which the ditch and embankment were built, was to divert the flow of flood waters which would have run south over his land. We can see no authority in that case for denying the appellant in this case the right to have a jury determine the issue of proximate cause. If the appellant had negligently constructed its dam, or negligently maintained its dam, so as to injure the appellees' land and crops, no one would deny that the appellant would be liable for all injury to appellees which was proximately caused by such negligence. Also, if appellant diverted the natural flow of the Nueces river so as to cause hurt to the property of appellees, the appellant would be liable for all damages proximately caused by such act.

On the question of proximate cause it does not seem to depend upon whether the injury was occasioned by the appellant's negligence or whether it would be classed as taking property for public use. In either event, if the evidence raises an issue of proximate cause, the same, upon proper request, should be submitted to the jury. Galveston, H. &. S. A. Ry. Co. v. Ware, 67 Tex. 635, 4 S.W. 13; Ilfrey v. Sabine & E. T. Ry. Co. (Smith v. Sabine & E. T. Ry. Co.), 76 Tex. 63, 13 S.W. 165; Broussard v. Sabine & E. T. Ry. Co., 80 Tex. 329, 16 S.W. 30; Texas & P. Ry. Co. v. Padgett, 14 Tex.Civ.App. 435, 37 S.W. 92; Warren v. Kimmell (Tex.Civ.App.) 141 S.W. 159; Walker v. Texas Mexican Ry. Co. (Tex.Civ.App.) 27 S.W.(2d) 574; Gerhart Case, supra.

We are also of the opinion that the trial court should have given the affirmative defenses raised by the pleadings and the evidence of appellant. In the case of Chicago, R. I. & G. Ry. Co. v. Martin (Tex. Civ.App.) 37 S.W.(2d) 207, 210, the court say:

"The defendant sought to correct the objections to the issues mentioned by his special charge No. 3, which the court refused, and to the refusal of which exception was taken and error here assigned. That charge was as follows: 'Gentlemen of the jury: If you believe from the evidence that plaintiff's said lands, or any of same, were damaged by rains that fell after December 15th, 1925, and before the filing of this suit, and that such lands would have been inundated and damaged to some extent by such rains irrespective of the presence or condition of defendant's railroad embankment or openings through same, then you are instructed that even if you should believe further from the evidence that the presence or condition of the embankment or opening therein held back or caused to be held back and diverted over plaintiff's said land additional waters in sufficient amount to cause additional damage to such lands in excess of the damage that would have resulted irrespective of the presence of said railroad, and if you find

the evidence before you does not show or enable you to determine therefrom what portion of the damage was proximately caused by the presence or condition of said railroad embankment in question, you will not undertake to assess any damage based upon mere surmise and speculation in response to special issue No. 4 in the Court's Charge.'

"The authorities already cited indicate, we think, that this charge should have been given, and, because of the errors indicated, we think that the judgment must be reversed."

In the Gerhart v. Harris County Case, supra, the court say: "The evidence raises the issue that appellants' damage was occasioned by the acts of the navigation district in disposing of the spoil from its dredging operations in Buffalo bayou. As that issue was affirmatively pleaded by Harris county as a defense, it should have been submitted to the jury on request. Colorado & S. Railway Co. v. Rowe (Tex.Com.App.) 238 S.W. 908; Galveston Railway Co. v. Washington, 94 Tex. 510, 63 S.W. 534." Also see Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.(2d) 326; Greer v. Thaman (Tex.Com.App.) 55 S.W.(2d) 519; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S.W. 1058.

Here it was claimed by the appellant that the damages to the crops and the land of appellees would have occurred even though the dam had not been constructed and the channel of the Nueces river changed. The authorities all agree that, where the pleadings and the proof tend to support the defensive theory, it is reversible error for the trial court to fail and refuse to submit such defensive theories to the jury.

In view of another trial we deem it appropriate for us to say that the trial court, in the submission of the case, should observe the distinction between the measure of damages in actions for permanent injury to land and temporary injury to land, as pointed out in the case of Lone Star Gas Company v. Hutton (Tex.Com.App.) 58 S.W.(2d) 19, and cases therein cited, and 13 Tex.Jur. p. 160 et seq.

There are other assignments claiming error on the part of appellant which are not likely to occur upon another trial; it is therefore needless to discuss them.

For the errors pointed out, the case will be reversed and remanded for another trial.