SIMMONS et al. v. PERKINS.

No. 11129.

Court of Civil Appeals of Texas. San Antonio.

April 1, 1942.

Rehearing Denied April 29, 1942.

Dean B. Kirkham and Keys, Holt & Head, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from a judgment based upon a special issue jury verdict. Mrs. Chessie Perkins, the prevailing party below, brought this action against appellants, Jay Simmons and the Kepley Production Company, for damages resulting from the depositing of clay, mud and sand upon appellee's land because of a blow-out of an oil and gas well, which appellants were drilling upon an adjoining tract.

The jury found that appellants were negligent in (1) attempting to drill a well in the location selected by them and (2) in failing to prevent mud, clay and sand, brought to the surface as a result of the blow-out, from flowing or coming upon appellee's land. The jury found that appellants were not negligent in the actual drilling of the well.

The trial court did not submit an issue of proximate cause to the jury. This was pointed out by appellants in the trial court. A reversible error is presented as we can not say, as a matter of law, that the issue of proximate cause should be resolved in appellee's favor. Under the evidence the issue was one of fact for the jury. We regard it as settled by the authorities in this State that a finding of "proximate cause" is essential to the fixing of liability in a case of this character. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221; City of Corpus Christi v. McMurrey, Tex.Civ.App., 109 S.W.2d 366; 30 Tex.Jur. 692, § 41.

The above holding makes unnecessary an extended discussion of the conflict in jury's answers to the special issues submitted. We hold that the answers are in conflict and this is likewise fatal to the judgment. Texas Interurban Ry. Co. v. Hughes, Tex.Com.App., 53 S.W.2d 448; A. B. C. Stores, Inc. v. Taylor, 136 Tex. 89, 148 S.W.2d 392.

The trial court also erred in admitting in evidence testimony tending to show that appellants had paid certain monies to others owning lands in the vicinity of the blowout in order to secure releases of claims of asserted liability. It appears that these payments were made as a result of compromises, and evidence relating thereto should have been excluded. International & Great Northern R. Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515; McCormick and Ray, Texas Evidence, p. 637, § 498.

In view of another trial, we will say that this is not a res ipsa loquitur case. Appellee's pleadings as to negligence are extremely general. In fact, the jury's finding that appellants were negligent in drilling the well at the selected location seems to be without support in the pleadings. Plainview Cotton Co. v. Thomas, Tex.Civ. App., 81 S.W.2d 560; Dorsey Life Ass'n v. Sitton, Tex.Civ.App., 76 S.W.2d 550. Appellants' exceptions to the petition based upon the generality of the allegations of negligence should have been sustained. However, as an error in overruling an exception generally calls for a remand rather than for a rendition of judgment, we would hardly be justified in here rendering judgment for appellants upon the theory that appellee's petition presented as the only hypothesis of recovery the doctrine of res ipsa loquitur, which has no support in the evidence.

For the reasons stated, the judgment appealed from is reversed and the cause remanded for new trial.