Moses and Max Davis instituted this suit against the Houston Texas Central Railroad Company, seeking to recover damages on account of the construction of a switch or spur track from a point on the main line of the defendant's railroad track upon and across a street and sidewalk west of the plaintiffs' property, and across three lots and up to and against a lot owned by the plaintiffs, upon which was situated a dwelling house. The defendant's answer embraced a general demurrer, general denial and plea of two years limitation. There was a jury trial, resulting in a verdict and judgment for the plaintiffs for $600 and the defendant has appealed.
The first assignment of error is addressed to the action of the court in overruling the general demurrer to the plaintiffs' petition. The proposition submitted under this assignment is, in substance, that as the petition failed to charge the defendant with negligence, it failed to state a cause of action. This assignment is overruled. Our constitution declares that no person's property shall be taken, damaged or destroyed for or applied to a public use without adequate compensation being made, unless by consent of such person; and the plaintiffs sought a recovery under this provision of the constitution. The right to such recovery does not depend upon any question of negligence. No matter how skillfully a railroad track may be constructed, nor how much care may be exercised in the operation of the railroad, if any person's property is taken, damaged or destroyed by the construction or operation of such railroad and without the consent of such person, a cause of action exists against the railroad company and in behalf of the owner of such property.
Under the second, third, fourth, fifth, sixth, seventh, eighth and ninth assignments it is contended that the construction and operation of the switch across the three lots lying immediately west of the plaintiffs' property, with the consent and for the convenience of the owners of that property, could not be considered in estimating the plaintiffs' damage, in the absence of testimony showing negligence on the part of the defendant. This contention is not regarded as tenable. It was held in Gainesville, H. W. Ry. Co. v. Hall, 78 Tex. 169
[78 Tex. 169], that a land owner, whose property is injured by the construction of a railway and running of trains thereon, is entitled to damages, although the railway be not upon his land nor any of his property be taken. That case meets the contention referred to, as well as the further contention under these *Page 214 
assignments that the wrongful acts complained of are of a temporary nature and subject to be discontinued; and therefore do not entitle the plaintiffs to recover for damages to their property. In Denison P. S. Ry. v. O'Maley, 45 S.W. Rep., 227, it was held that stock pens maintained by a railway company were sufficiently permanent in character to entitle an adjacent landowner to recover damages for the depreciation in the value of his property. In the absence of proof showing that the spur track in question was intended only as a temporary expedient, we think it should be regarded as equally permanent as the main track, and the stock pens constructed to facilitate the shipment of livestock. See also Daniels v. Ft. Worth R. G. Ry., 5 Texas Ct. Rep., 388; s. c., 6 Texas Ct. Rep., 791.
It is also contended that the court erred in the third paragraph of its charge in submitting to the jury whether or not the spur track complained of was built upon and across the street adjacent to the plaintiffs' premises, because the uncontradicted evidence showed that three lots intervened between the plaintiffs' premises and where the spur track crossed the street. We are quite confident that the jury were not misled by the use of the word "adjacent." The evidence was clear and uncontroverted as to where the spur track in question was located, and it was wholly unnecessary to submit that question to the jury. The third paragraph of the charge is also complained of for the alleged reason that it submitted to the jury whether or not the plaintiffs' property was injured and damaged on account of being jarred and on account of loud noises, sparks, cinders, coal dust and smoke alleged to have been emitted from the engines used by the defendant in placing cars on the spur track, the contention being that there was no evidence warranting the submission of that issue to the jury. These grounds of injury were alleged in the plaintiffs' petition, and it was so stated in the preliminary part of the charge; and in the third paragraph, which is the one complained of, among other things this language is used: "And you further find from a preponderance of the evidence that plaintiffs' property has been damaged by the construction and operation of defendant's said switch or spur track you will find for the plaintiffs, provided you find from a preponderance of the testimony that such damage (if any damage there is to such property) was caused by and resulted from any one or more of the causes alleged in the plaintiffs' petition in regard to the construction and operation of said switch or spur track." However, at the request of the defendant, the court gave the following special instruction: "You are specially instructed that there is no evidence in this case sustaining the allegations in plaintiffs' petition to the effect that their premises were greatly jarred, loud noises were made, sparks, cinders, coal dust and smoke emitted from defendant's engines and blown upon said premises and into and upon plaintiffs' house, and that on account of the sparks so emitted plaintiffs' improvements were greatly endangered by fire, and that noxious vapors were emitted from said engines and blown into plaintiffs' house, and you will therefore not consider said allegations in making up your verdict, or allow anything for any injuries which plaintiffs allege, but have not proven, that they sustained in accordance with those allegations."
We think the jury must have understood this instruction as qualifying *Page 215 
and restricting the third paragraph of the court's charge, and that the jury were not misled on the subject referred to.
We are of opinion that the charge of the court is not subject to any of the objections urged against it, and that no error was committed in refusing requested instructions.
We are unable to sanction the proposition urged in the fourteenth assignment to the effect that if the spur track in question was not used for the public generally, but was constructed and used only as a private switch to the warehouses located on the lots immediately west of the plaintiffs' premises, the plaintiffs would not be entitled to recover, unless it was shown that the track was used in such manner as in law constituted a nuisance. We think this contention is refuted by Railway Co. v. Hall and Daniels v. Railway, supra. Both these cases recognize the right to recover for property taken or damaged for a public purpose regardless of any question of negligence or nuisance.
We also overrule the assignments which complain of the verdict. Plaintiffs submitted testimony tending to show that because of the fact that the switch had been built up to and adjoining their front yard near the front of the residence thereon and its constant use in delivering freight to the warehouses on the lots immediately west, their property had depreciated in value to an extent equal to the amount allowed by the jury. The defendant submitted testimony of several witnesses which would have supported a finding that no damage had resulted to the property on account of the matters complained of. This produced a sharp conflict in the testimony, and it was the province of the jury to give credence to those witnesses regarded by them as the more credible.
The argument of the plaintiffs' counsel, which is complained of under the last assignment, was not inflammatory but was based upon testimony which had been excluded; and, when objected to, the counsel stated that he had not understood that the testimony had been excluded, and would refrain from discussing it and did so refrain, and the court instructed the jury to disregard the argument complained of. It is reasonably certain that no injury resulted from the argument referred to, and this assignment is overruled.
No reversible error has been pointed out and the judgment is affirmed.
Affirmed.
Writ of error refused.