### WIGHT v. BELCHER.   (No. 2307.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 7, 1920. Rehearing Denied Dec. 23, 1920.)

1. **Eminent domain ⬤ 124 — Subsequent increase in value of property does not defeat right to recover for damage thereto.**

Where the evidence was undisputed that the construction of a switch track and the operation of trains thereon adjacent to plaintiff's property depreciated its market value at the time of construction, it is no defense to recovery of such damages that the value of the property had since then increased, along with other property, so that at the time of the trial it was worth as much as before the construction of the switch.

2. **Eminent domain ⬤ 104 — Railroad liable for injuries caused by construction necessary to operation, though not negligent.**

A railway company is liable to the owner of adjoining property for injuries to the property caused by discharging water thereon and by the noise and smoke from the trains resulting from the construction of a switch track and the operation of trains thereon, though such construction was necessary to the operation of the railway as a federal corporation engaged in interstate commerce, and was directed by the federal court, which had appointed a receiver of the railway, and though there was no evidence that the construction was negligent.

Appeal from District Court, Gregg County; Chas. L. Brachfield, Judge.

Action by J. E. Belcher against Pearl Wight as receiver of the Texas & Pacific Railway

Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

The appeal is from a judgment for $500 recovered by appellee in his suit against appellant for damages to certain real estate. It appeared from testimony heard at the trial that in November, 1917, appellant was the receiver in charge of the property of the Texas & Pacific Railway Company, a federal corporation engaged as a carrier in interstate commerce. At that time and during several years prior thereto appellee owned (and with his family used as a homestead) a lot abutting on the right of way of said railway company in Longview. During said month appellant, in conformity to authority conferred upon him by the court appointing him receiver, constructed an embankment about 8 feet high at a point on said right of way 35 or 40 feet south of the dwelling house on said lot, and then constructed a side track on said embankment, on and over which, in the discharge of his duties as receiver, he operated trains. An effect of the embankment was to so divert water from a nearby alley and ditch as to cause same to run onto the lot and create a pond thereon. Effects of operating trains on the side track were to cause dust from the roadbed, and smoke, soot, and cinders emitted from locomotive engines, to invade appellee's premises and injure furniture, clothing, etc., in his said dwelling house.

Young & Stinchcomb, of Longview, for appellant.

F. B. Martin, and W. E. Beall, both of Longview, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] Notwithstanding undisputed testimony showing that the construction of the embankment and side track decreased the value of appellee's property "in the sum of about $700," appellant insists it appeared that appellee had not suffered damages as founded by the jury and determined by the judgment. The insistence is based on other testimony showing that the lot was worth as much at the time of the trial as it was before the embankment and side track were constructed. To sustain it this court would have to ignore still other testimony showing that the value of the lot, like the value of other property in the locality, had increased during the period of more than two years intervening between the time when the embankment and side track were constructed and the time when the case was tried. The question as to whether appellee has been damaged as he claimed he had been depended on whether his property immediately after the construction of the embankment and side track, and because of same, was worth less than it was immediately before same were

constructed. If, and for that reason, it was worth less, the fact that it afterward became of as great or greater value than it possessed before the embankment and side track were built would not affect the rights of the parties. As we see it, there is no merit in the contention. Therefore the first, second, third, and sixth assignments are overruled.

[2] It apeared from the testimony that it was necessary to construct the side track where and as it was constructed to enable appellant to discharge his duty as an interstate carrier, and appellant insists it did not appear from either the pleadings or the proof that he was guilty of negligence either in the construction or use made of the embankment and side track. Therefore he further insists he was not liable as determined by the judgment. A similar contention made in T. & P. Ry. Co. v. Taylor, 200 S. W. 1117, was overruled by this court on the authority of cases there cited. And see Ry. Co. v. Green, 196 S. W. 555; Ry. Co. v. Davis, 45 Tex. Civ. App. 212, 100 S. W. 1013; Stubblefield v. Ry. Co.; 203 S. W. 936; Ry. Co. v. Downie, 82 Tex. 383, 17 S. W. 620. The Supreme Court refused to grant the writ of error applied for in the Taylor Case, and we see no reason to doubt the correctness of the conclusion reached therein. Therefore the remaining assignments in appellant's brief are overruled.

The judgment is affirmed.