**DANIELS v. WIGHT.** (No. 386-3609.)*

(Commission of Appeals of Texas, Section A. March 28, 1923.)

**1. Trial** ⊜⊐404(1)—**Fact findings by court must be considered in light of pleadings and proof.**

Findings of fact made by the trial court must be considered in the light of the pleadings and proof in the case.

**2. Eminent domain** ⊜⊐307(4)—**Finding as to damages from construction of switch track held to embrace special damages.**

In an action against the receiver of a railroad company for damages resulting from the construction of a switch track, findings of fact by the trial court that from the time of the construction of the track and embankment defendant had operated engines and trains, and that considerable noise and smoke had been made thereby, that the construction of the track and embankment damaged the property of plaintiff in a certain sum, and that such construction reduced the market value by the same sum, held, in view of the allegations of the petition and of the testimony, to embrace injury to the property resulting not only from the physical presence of the track and embankment, but also special damages from the noise, dirt, and presence of trains.

**3. Trial** ⊜⊐404(1)—**Findings of fact will be construed to sustain judgment if possible.**

While findings are susceptible of different constructions, they should be given such construction as will sustain the judgment founded thereon, unless a contrary construction is necessarily required by the clear import of the language used.

**4. Eminent domain** ⊜⊐271—**Depreciation of land from construction of railroad may be recovered regardless of negligence.**

Depreciation in the value of land from construction of railroad switch track, taking into consideration the situation of the property and the uses to which it is adapted or dedicated, is damage peculiar to the property of the owner, and is not consequential, so that the owner is entitled to recover for such damage regardless of the question of negligence or the authority under which the acts were done which resulted in the damage.

**5. Eminent domain** ⊜⊐70—**Liability for damages need not be determined under federal Constitution because interstate road is federal corporation, under federal receivership.**

In landowner's action for damages against the federal receiver of a railroad company for depreciation of the land, that the railroad company was a federal corporation and defendant was acting as receiver under appointment by the federal court, and because the construction of the switch track complained of was under orders of the court and necessary for interstate traffic, did not require liability therefor to be determined under the federal Constitution, which prohibits only the taking of property without compensation, and provides no compensation for damage to property.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Oliver Daniels against Pearl Wight, receiver of the Texas & Pacific Railway Company. Judgment for plaintiff was reversed by the Court of Civil Appeals (226 S. W. 473), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed in accordance with recommendation of Commission of Appeals.

F. B. Martin, of Longview, for plaintiff in error.

Riley Strickland and Young & Stinchcomb, all of Longview, for defendant in error.

GERMAN, J. Plaintiff in error, Oliver Daniels, brought this suit in the district court of Gregg county against Pearl Wight, receiver of the Texas & Pacific Railway Company, for damages for depreciation in the market value of his property, consisting of a two-story residence on a certain lot of land in Longview, Tex. The main line of the railway company runs through the middle of its right of way and is 120 feet distant from the residence of plaintiff in error. In November, 1917, the receiver of the railway company, under authority from the court which appointed him, constructed a switch track on the right of way a distance of about 40 feet from the residence of Daniels, on an embankment about 8 feet high, which had been built on the right of way by the receiver for that purpose. Plaintiff in error alleged that by reason of the construction of the embankment and switch track adjacent to his premises, and by reason of the use made of same and the operation of trains thereon, the value of his property was reduced $1,375. He set up various matters in connection with the use of the switch track which he alleged resulted in depreciating the value of his property, and claimed that before the switch track was constructed the premises were worth $8,000, and afterwards were worth not more than $5,100.

The case was tried before the court without a jury, and plaintiff in error was given a judgment for $1,375. On appeal to the Court of Civil Appeals for the Sixth District that court reversed and remanded the case; Chief Justice Willson, however, dissenting. 226 S. W. 473.

The writ of error was granted for the reason that the opinion appeared to be in conflict with the opinion in Wight v. Belcher, 226 S. W. 472, decided by the same court at the same time, and which has been considered and decided by this section of the Commission in connection with this case.

The trial court filed findings of fact, containing, among other things, the following:

"(3) That from the time of the construction of the said track and embankment the defendant has operated engines, cars, and trains over the said track, and that considerable noises and smoke have been made by reason of the operation of said trains, cars, and engines over the said track.

"(4) That the construction of the said track and embankment at that place damaged the property of the plaintiff in the sum of $1,375, and that the construction of the track and embankment reduced the market value of the plaintiff's property in the sum of $1,375."

The court also made the following conclusion of law:

"I conclude as a matter of law that the defendant is liable to the plaintiff for the damage to his property by constructing the track and embankment on the right of way of the Texas & Pacific Railway Company near to the property of the plaintiff, and that the damages he suffered amounted to $1,375."

[1] Under these findings defendant in error, who was appellant in the Court of Civil Appeals, contended that appellee was not entitled to recover, for the reason, as he claimed, the findings of the trial court confined the recovery to such damages as may have resulted from the construction of the switch track alone, and included no finding of special damages to the property. The majority of the Court of Civil Appeals sustained this contention, and held that the construction of the switch track, and its mere bodily presence in proximity to appellee's property, could not be made the basis of damages, unless there was shown some special physical injury to the property. The error of this conclusion results from a wrong construction of the findings made by the trial court. These findings must be construed in the light of the pleadings and the proof in the case, and when this is done there is no uncertainty as to their meaning.

Plaintiff in error, Daniels, testified without objection as follows:

"Since the construction of the embankment and track between the main track and my house, the same has been used frequently to switch cars over, and oftentimes cars are stopped, long strings of them, right south of my home, and in the summer they would cut off the breeze and make my home hot. The operation of the engines and cars by my house causes a soot to come into my house and soil clothing, furniture, bed clothes and everything in the house. There is also a dust that is caused to come into my house by reason of the operation of engines and cars there. This dust causes our furniture and clothing to become dirty, and it soils the paint on the house. It is a frequent occurrence both night and day for a train to be made up on this new switch track, and the engine that is to pull it out is coupled on to the train of cars immediately south of or near my house, and sometimes the engine blows and makes other noises for from fifteen minutes to one hour before leaving. All of these things are very annoying to me in the use of my house and premises."

He further testified that before the track and embankment were constructed the property was worth $8,375, and that after it was constructed he did not think he could have gotten over $7,000 for it; and, thus, in his opinion, the value of the property was depreciated $1,375.

[2, 3] In view of the allegations of the petition and the foregoing testimony, the finding of the trial court that the construction of the track and embankment reduced the market value of the property and damaged same to the extent of $1,375 will be

construed as meaning that the injury to the property resulted not only from the physical presence of the track and embankment, but from the various causes enumerated in the testimony. The evidence quoted was pertinent upon the issue of the depreciation in the market value of the property, and the trial court no doubt intended to include in the finding the idea that the injury and damage was occasioned by a concurrence of these various causes. If the finding were susceptible of different constructions, it should be given such construction as would sustain the judgment, unless a contrary construction was necessarily required by the clear import of the language used.

[4] Defendant in error relies upon the proposition that, to have entitled plaintiff in error to damages for depreciation in the value of his property, it was necessary for him to allege and prove negligence in the construction of the side track and embankment, or in the operation of the trains and cars thereon. It is apparent that counsel have failed to clearly discriminate between damages allowed for the depreciation in the value of property occasioned by the construction of additional tracks and the operation of trains thereon, and damages claimed by the abutting owner for personal inconvenience, annoyance, and discomfort occasioned by the operation of the railroad. The distinction has been so clearly indicated by numerous decisions that it is only necessary to cite some of the cases. Depreciation in the value of real property, taking into consideration its situation and the uses to which it is adapted or dedicated, is damage peculiar to the property of the owner, and not such as is consequential. The owner is adequately protected under our Constitution, and is entitled to recover for such damage, regardless of the question of negligence or the authority under which the acts were done which resulted in the damage. Railway Co. v. Hall, 78 Tex. 171, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42; Powell v. Railway Co., 104 Tex. 219, 135 S. W. 1153, 46 L. R. A. (N. S.) 615; Railway Co. v. Fuller, 63 Tex. 467; T. & P. Ry. Co. v. Taylor (Tex. Civ. App.) 200 S. W. 1117 (writ of error refused); Railway Co. v. Jobe (Tex. Civ. App.) 126 S. W. 32 (writ of error refused); Railroad Co. v. Davis, 45 Tex. Civ. App. 212, 100 S. W. 1013 (writ of error refused).

[5] The remaining contention made by defendant in error is that, because the Texas & Pacific Railway Company is a federal corporation, and he is acting as receiver under appointment by a federal court, and also because the construction of the switch track was under orders of the court, and was necessary for interstate traffic, liability must be determined under the federal Constitution, which prohibits only the taking of property

without compensation, and provides no compensation for damage to property. This contention was definitely decided adverse to the position taken by defendant in error in the case of T. & P. Ry. Co. v. Taylor, supra, in which a writ of error was refused by the Supreme Court, and we refer to and adopt the opinion of Chief Justice Willson in that case. The case of Richards v. Washington Terminal Co., 233 U. S. 546, 34 Sup. Ct. 654, 58 L. Ed. 1088, L. R. A. 1915A, 887, relied upon by counsel, expressly recognizes the inhibition against the damaging of property without compensation contained in the Constitution of Texas.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.