## GIBSON v. YOUNG.

### No. 2616.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1948.

Rehearing Denied Feb. 13, 1948.

Jack W. Frost, of Eastland, for appellant.

R. L. Rust, of Eastland, for appellee.

GRISSOM, Chief Justice.

W. T. Young sued H. L. Gibson on a verified account for labor performed and plumbing supplies sold by Young to Gibson, and alleged to have been furnished to Gibson at a house on Patterson Street in the amount of $60 and on Dixie Street for a net sum of $215.45, giving credit for a payment on the latter job of $67.85. Gibson denied under oath the justness of plaintiff's entire account and brought a cross action against Young, among other things, for alleged negligence in laying a gas line and repairing a water heater. In a trial to the court, judgment was rendered for Young for $181 and for Gibson for $20 on his cross action, the latter being offset against the former. Gibson has appealed without a statement of facts, as he was authorized to do by Texas Rules of Civil Procedure 307, and depends upon the court's findings of fact to support his claim of error in the judgment rendered.

Appellant contends the court erred in rendering judgment for appellee because the findings of fact show appellant has paid the account.

In paragraph 2 of the findings of fact, the court found that Gibson paid Young, by checks, the following amounts, and that such checks were received and cashed, or deposited in the bank by appellee, on the following dates:

| Date of Check | Date Cashed or Deposited | Amount |
|---|---|---|
| 1944 | 1944 | |
| September 9 | September 11 | $50.00 |
| September 30 | October 2 | 35.00 |
| 1945 | 1945 | |
| January 2 | January 4 | 10.00 |
| February 10 | February 16 | 11.95 |
| March 22 | March 24 | 7.00 |
| March 26 | March 28 | 40.00 |
| May 5 | May 7 | 20.00 |
| August 29 | August 31 | 20.00 |
| October 27 | October 29 | 100.00 |
| December 12 | December 12 | 25.00 |
| December 22 | December 26 | 25.00 |
| 1946 | 1946 | |
| January 21 | January 21 | 25.00 |
| April 2 | April 6 | 30.00 |
| | Total | $398.95 |

In paragraph 3, the court found that defendant made the following "additional" payments to plaintiff:

| Date | Amount |
| --- | --- |
|  | $10.00 |
| 1946 | |
| April 8 | 16.50 |
| May 6 | 4.80 |
| August 27 | 3.00 |
| January 2 | 4.40 |
| Total | $38.70 |

In paragraph 5, the court found the following payments were made by the appellant to appellee on the dates hereinafter shown:

| Date | Amount |
| --- | --- |
| 1944 | |
| October 1 in cash | $50.00 |
| October 15 | 34.00 |
| November 10 | 17.00 |
| 1945 | |
| January 4 | 10.00 |
| May 6 | 30.00 |
| June 27 | 5.00 |
| August 26 | 20.00 |
| November 8 | 100.00 |
| December 12 | 25.00 |
| 1946 | |
| January 20 | 25.00 |
| April 26 | 30.00 |
| April 8 | 16.50 |
| May 6 | 4.80 |
| August 27 | 3.00 |
| January 2 | 4.40 |
| Total | $374.70 |

In paragraph 6 the court found as follows:

"There was no testimony or other evidence directed toward showing or tending to show that any specific item or items set out under Findings 2 and 3 above were the same as any specific item or items set out in Finding 5 above. Nor was there evidence showing or tending to show that the aggregate of payments set out in Findings 2 and 3 were the same payments as those set out in Finding 5. Said Mrs. W. T. Young testified that in keeping plaintiff's books, she entered payments from defendant on the day on which same were received, on the day such payments were deposited in the bank, or cashed, or shortly thereafter. I find that, taking them as a whole, the payments set out in Finding 5 above are included in the total of the amounts set out under Findings 2 and 3 above."

Immediately after decreeing that appellee recover of appellant $181, the judgment recites:

" * * * the same being the amount arrived at as follows: Said total labor and material due said plaintiff by the said defendant being Six Hundred and Eighteen Dollars and Sixty Five Cents. The total offsets and credits due said Defendant and paid by said defendant to said plaintiff on said verified account being Four Hundred and Thirty Seven Dollars and Sixty Five Cents. Said credits due said defendant consist of Three hundred and ninety eight dollars and ninety five cents, said amounts paid by defendant by checks to plaintiff. In addition Ten Dollars cash was paid to plaintiff by defendant, and a credit of sixteen dollars and fifty cents is allowed defendant by reason of delivery of that amount of eggs to plaintiff, and a credit of Four dollars and eighty cents is allowed defendant by reason of butter plaintiff received from defendant, and a credit of Three Dollars is allowed said defendant by reason of certain pears being delivered to plaintiff, and a credit of Four Dollars and Forty Cents is allowed the defendant by reason of certain pipe which plaintiff received from defendant. Said total credits and offsets allowed defendant against plaintiff's total bill for labor and material amounts to Four Hundred thirty seven dollars and sixty five cents. It is therefore ordered, adjudged and decreed that Plaintiff have of and from the defendant the sum of One Hundred and Eighty One Dollars."

The burden is on appellant, in order to obtain a reversal of the judgment, to show an erroneous action of the trial court that injured him. If the findings are ambiguous and susceptible of different con-

structions they will be construed, if possible, so as to support the judgment rendered. If possible, the court will construe them in such manner as to not render them nugatory, ineffectual or meaningless. 41 Tex. Jur. 1270. The findings, being ambiguous, should be construed in harmony with those embodied in the judgment. 41 Tex.Jur., 1271; State v. Macken, Tex.Civ.App., 162 S.W. 1160 (writ ref.); Cook v. Mann, Tex.Com.App., 40 S.W.2d 72, 73; Elder, Dempster & Co. v. Weld-Neville Cotton Co., Tex.Com.App., 231 S.W. 102; Daniels v. Wight, Tex.Com.App., 249 S.W. 454.

The first finding in paragraph 6 is to the effect that there was no evidence that any "specific" item set out under Findings 2 and 3 was the same as any "specific" item set out in Finding 5. It was not necessary to support a finding that payments found in 5 were also included in 2 or 3 that testimony be introduced showing they were identical. However, in this connection, we call attention to the fact that said finding was too broad because there were findings in 5 and also in 2 and 3 of payments made on the same day of exactly the same amount. This tended to prove the payments were identical. To illustrate, findings in both 3 and 5 show that in 1946 appellant made the following payments to appellee:

| April 8 | $16.50 |
| May 6 | 4.80 |
| August 27 | 3.00 |
| January 2 | 4.40 |

Also, findings 2 and 5 both include a payment on December 12th of $25. They also indicate that the payment of $10 on January 2, 1945, found in both paragraphs 2 and 5, was credited on January 4th and was the same payment. Thus, said findings tend to show that some specific payments included in 2 and 3 were also included in 5.

The court found in paragraph 7 as follows:

"* * * that defendant gave plaintiff the following checks (included in those listed in Finding 2 above) in payment for materials and labor furnished by plaintiff at 709 West Patterson Street; that there were notations on said checks indicating that they were given for materials and labor at such address; that they were accepted by plaintiff and received by him and cashed by him as payment upon said work at said address:

| Date of Check 1945 | Date Cashed or Deposited 1945 | Amount |
|---|---|---|
| October 27 | October 29 | $100.00 |
| December 12 | December 12 | 25.00 |
| December 22 | December 26 | 25.00 |
| 1946 | 1946 | |
| January 21 | January 21 | 25.00 |
| | Total | $175.00"

Appellant says the court erred in rendering judgment against him at least to the extent of $175 which the court found he paid appellee on the Patterson Street job. Although the court found appellant made said payments, it also found they were included in the payments found in paragraph 2, for which appellant was given credit in the judgment. The payments found in paragraph 7 appear to be the same as some of those in paragraph 2. No error is here apparent. Point 2 is overruled.

The findings in paragraph 6, "Nor was there evidence showing or tending to show that the aggregate of payments set out in Findings 2 and 3 were the same payments as those set out in Finding 5," but that the court found that "taking them as a whole, the payments set out in Finding 5 above are included in the total of the amounts set out under Findings 2 and 3 above" are ambiguous. Construing them with the other findings, and especially the finding as to the testimony of Mrs. Young, as set out in paragraph 6, that in keeping appellee's books she entered payments when received, or deposited, or cashed, or shortly thereafter, and Finding 7 to the effect that the checks mentioned therein had notations on them indicating they were given for material and labor furnished to appellant at the Patterson Street address and the findings heretofore quoted from the judgment, we construe said last two quoted findings from paragraph 6 to mean that although the court found there was no evidence identifying any particular payment mentioned in 5 as being the same payment included in the aggregate of 2 and 3 that,

nevertheless, the court concluded, from all of the evidence as to payments, that the payments mentioned in 5 were included in 2 and 3. The record indicates that evidence was introduced covering transactions between the parties beginning in September, 1944 (a year before the date of the first item covered by the account sued on,) and continuing until long after the filing of this suit in May, 1946; and that appellant was given credit for items having no direct connection with the account for labor and material furnished by appellee. We conclude that the findings do not compel the conclusion that the account has been fully paid. We should not construe the findings to mean that although the court found there was no evidence that the payments mentioned in one paragraph was included within the payments listed in another paragraph of the findings, nevertheless, the court found they were so included, unless the language used, taken as a whole, compels that construction. The interpretation suggested above is, we think, more reasonable. As to construed, the findings are harmonious, support the judgment and do not show full payment of the account sued on.

The judgment is affirmed.